**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No: 5:13-CV-00083-RLV-DCK**

| | |
|---|---|
| 3A COMPOSITES USA, INC., a Missouri corporation, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) |
| UNITED INDUSTRIES, INC., an Arkansas corporation and WESLEY PAULIN | ) ) ) ) |
| *Defendants*. | ) |

STIPULATED PROTECTIVE ORDER FOR HIGHLY SENSITIVE INFORMATION AND/OR TRADE SECRETS

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff and Defendants ("Parties") stipulate to and petition the court to enter the following Stipulated Protective Order.

**2.    DEFINITIONS**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: the contents of any document, transcript, or other type of evidence which has been designated in good faith by any Designating Party as confidential because it contains information that has not been made public.  CONFIDENTIAL information shall also specifically include mental impressions and other intangible information collected or observed during a site visit or inspection of any Parties' property or facility, such as descriptions of the facility.  CONFIDENTIAL information shall also include any tangible information generated, observed or inspected during any site visit including, but not limited to, technical manuals or notes generated from any site visit; but expressly does not include tangible media addressed in Section 2.9.

2.3     Special Corporate Designee: An employee and/or agent of a Party whom the Party designates to have access to information designated as "ATTORNEYS' EYES ONLY" in order to assist Counsel with prosecuting or defending this action.  Each Party may designate only one Special Corporate Designee.

2.4     Counsel: Attorneys employed in connection with this matter by a Party and up to one Designated House Counsel for each party.

2.5     Designated House Counsel: One House Counsel who seeks access to "ATTORNEYS' EYES ONLY" information in this matter.

2.6     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.


2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in

this action.

2.9 "ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means than designating the information as "ATTORNEYS' EYES ONLY"; and which is actually designated in good faith as "ATTORNEYS' EYES ONLY." ATTORNEYS' EYES ONLY information shall also specifically include tangible media and information collected during a site visit or inspection of any Parties' property or facility, such as videos, photos, and audio recordings except to the extent that such designation is changed in response to a challenge in accordance with Section 6.

2.10 Non-Party: any natural person, individual, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Party: any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, and Counsel (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "ATTORNEYS' EYES ONLY."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. This Stipulation and Order does not cover the use of Protected Material at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-

Party that designates information or items for protection under this Order shall in good faith limit any such designation to specific material that qualifies under the appropriate standards. To the extent practical, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If Protected Material appears somewhere on a printed page, for instance, a party may designate the entire page as Protected Material. Mass, indiscriminate, or blanket designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may subject the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party shall promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party or Designating Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available

for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) <u>for testimony given in deposition, evidentiary hearing or trial</u> the Designating Party may designate such portions of proceedings as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" either during, at the conclusion of, or no later than thirty (30) days following conclusion of such proceedings or within ten (10) days after receipt of copies of such transcripts, whichever is later ("Post Proceeding Period"). The Parties shall presumptively treat the transcripts as "ATTORNEYS' EYES ONLY" until the earlier of the expiration of the Post Proceeding Period, or when the Designating Party notifies the opposing party which portions by page and line numbers of transcripts are to be so designated.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

at those proceedings. The Parties shall excuse from any portion of a deposition any person who does not have the appropriate authorization under this Order to be present for the testimony concerning "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials, but such exclusion will be limited to the period during which examination occurs of such material for which authorization does not exist. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, subject to the right to challenge the propriety of such designation(s). The Designating Party shall provide substitute copies of the Protected Material bearing the confidentiality designation. If a Designating Party produces multiple copies of Protected Material, some designated and others not, all copies of the Protected Material shall be treated as if properly designated.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time, including the presumptive designations for tangible media and information collected during a site visit or inspection. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall first notify the Designating Party in writing of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly in writing (email communication is sufficient) or in voice to voice dialogue within 14 days of the date of service of notice.  A Challenging Party may not seek judicial intervention if it has failed to engage in a meet and confer process unless it establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, any Party may file and serve a motion concerning a challenge to a confidentiality designation in accordance with the applicable local rule.  Any motion brought pursuant to this provision shall be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. The Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel in this action who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Counsel's signatures on Exhibit A shall bind Counsel's employees, and Counsel shall apprise its employees receiving "CONFIDENTIAL" information of this Protective Order and the employees' responsibilities hereunder;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, or at hearings or trial, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel in this action who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, except that disclosure to Designated House Counsel must comply with Section 7.4 below. Counsel's signatures on Exhibit A shall bind Counsel's employees, and Counsel shall apprise their employees receiving "ATTORNEYS' EYES ONLY" information or items of this Protective Order and the employees' responsibilities thereunder;

(b) Special Corporate Designee of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d) Any witness (1) that a party reasonably expects to call at trial (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but (3) only to the extent reasonably necessary to prepare that witness to testify at trial, and (4) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(e) the court and its personnel; court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and the author of a document containing the information or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Objecting to Disclosure of "ATTORNEYS' EYES ONLY" Information.</u> Before any information designated "ATTORNEYS' EYES ONLY" is revealed to any individual identified in the categories identified in 7.3 (a) through (d) above, a Receiving Party must disclose each such individual, including his/her name, address, phone and respective category to the Designating Party.

Any objection by the Designating Party must be served upon the Receiving Party in writing within 14 calendar days. Upon receipt of a written objection, the parties must meet and confer within 7 calendar days of the receipt of the objection. If the parties cannot resolve their differences through the meet and confer process, either party may file a motion with the Court in accordance with the applicable local rule. In any such proceeding, the Party opposing disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing

in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party notifies a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

Notwithstanding Federal Rule of Civil Procedure 26(b)(5)(B), inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall promptly notify the receiving Party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the Producing Party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The Party returning such material then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production alone.

**12. SITE VISIT**

The Parties agree that each Party may conduct one (1) site visit to the manufacturing facilities of 3A and United. These site visits will take place upon days and times mutually agreeable to the Parties and will be subject to the following conditions:

(a) Each visit will be limited to only that part of the facility that is devoted to the manufacture of thick polystyrene foam. Other portions of the facility will be off limits to the visiting Parties.

(b) The visit will be limited to three (3) hours.

(c) The visit will allow the visiting party to see the manufacturing line in operation and also to inspect the manufacturing line while it is not in operation.

(d) Each visiting Party will be limited to two (2) visitors, not including counsel, one of whom must be the Special Corporate Designee for that Party.

(e) The hosting Party, its Special Corporate Designee and its counsel may attend, but they will not be required to answer questions or discuss the facility or the equipment.

(f) The visiting Party may take notes, photographs, video or audio recordings during the visit,

but any such tangible or intangible information or media generated as a result of the visit will be subject to the additional requirements set forth in Sections 2.2 and 2.9 above.

(g) All Parties must provide to all other Parties copies of any tangible media (photographs, video or audio) generated from a site visit, whether or not such media will be used as evidence at trial. This tangible media will be subject to the requirements of Section 14 below regarding Final Disposition.

(h) The Visiting Party will be asked not to touch any equipment.

13. **MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, when necessity requires.

13.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protected as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

13.4  This order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Protected Material for any purpose.

13.5  The designation by Counsel of any document, material or information as constituting or containing Protected Material is intended solely to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by any Party that the designated disclosure constitutes or contains any trade secret or confidential information in contemplation of the law, nor shall any failure to designate material as Protected Material in discovery be construed as a waiver of the party's right to claim such information as a trade secret or confidential information in contemplation of the law.

**14. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, but only to the most limited extent reasonably necessary to maintain counsel's files. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____  _s/ Paul Peralta_____

                                          Attorneys for Plaintiff


DATED: _____  _s/ L. Kyle Heffley (for all Defendants)_____

                                          Attorneys for Defendant, United Industries, Inc.


DATED: _____  _____

                                          Attorneys for Defendant, Wesley Paulin


PURSUANT TO STIPULATION, IT IS SO ORDERED.

Signed: November 18, 2013

_____
David C. Keesler
United States Magistrate Judge

# EXHIBIT A - ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____

_____ [company and full address], declare under penalty of perjury that I have read in its entirety this Stipulated Protective Order for the case of 3A Composites, Inc. v. United Industries, Inc. and Wesley Paulin, Case No. 5:13-cv-00083. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the court that ultimately gains venue over this matter for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____