IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:13CV83-RLV

3A COMPOSITES USA, INC. )
a Missouri corporation, )
      Plaintiff, )
       )
v. )      **O R D E R**
       )
UNITED INDUSTRIES, INC., )
an Arkansas corporation, and )
WESLEY PAULIN, )
      Defendants. )
       )

      **THIS MATTER** is before the Court on Objections filed by Plaintiff 3A Composites USA, Inc. ("3A"), pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a).  (Docs. 27–29). Plaintiff objects to the October 4, 2013 Order of U.S. Magistrate Judge David C. Keesler granting Defendants' United Industries, Inc.'s ("United") and Wesley Paulin's ("Paulin") Motion to Transfer Venue to the Western District of Arkansas.   (Doc. 26).

      Applying the governing standard, which requires the undersigned to consider whether the Magistrate Judge's ruling is "clearly erroneous and contrary to law," the Court <u>affirms</u> the October 4, 2013 Order and <u>overrules</u> Plaintiff's Objections.  A fair reading of the Magistrate Judge's Order confirms that he conducted a thorough review of the record and applied the correct legal standard.   Despite Plaintiff's argument to the contrary, the Magistrate Judge held Defendants to the "heavy burden"[1] of establishing that the proposed transfer of venue is

---

[1] Generally, the movant carries a "heavy burden" in establishing that a case should be transferred pursuant to 28 U.S.C. § 1404(a). <u>Jim Crockett Promotions, Inc. v. Action Media Group, Inc.</u>, 751 F. Supp. 93, 95 (W.D.N.C. 1991).

consistent with and, in fact, warranted pursuant to the relevant factors.[2] *See Stewart Org., Inc. v Ricoh Corp.*, 487 U.S. 22, 32 (1988). The Court emphasizes that the applicable law contemplates that a court's decision to transfer or not transfer venue under 28 U.S.C. § 1404(a) is largely discretionary. *See* 28 U.S.C. § 1404(a) (2010) ("for the convenience of the parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district court or division where it might have been brought"); *Landers v. Dawson Const. Plant Ltd.*, 201 F.3d 436, 1999 WL 991419, *2 (4th Cir. 1999).

In this case, the Magistrate Judge's decision was driven by the finding that the underlying conduct challenged by Plaintiff occurred in Arkansas.[3] (10/4/13 Order, 4–5, 9). While there were several factors deemed to be neutral, this factor also informed other key *Stewart* factors:

---

[2] In applying the *Stewart* framework, this Court has enumerated eleven factors it considers when deciding whether to transfer a matter:

1. The plaintiff's initial choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;
10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

*Scholl*, 249 F.R.D. at 239 (citing *Commercial Equip. Co. v. Barclay Furniture Co.,* 738 F. Supp. 974, 977 (W.D.N.C. 1990); *McDevitt & Street Co. v. Fide. and Deposit Co.,* 737 F. Supp. 351, 354 (W.D.N.C. 1990)).

[3] The Magistrate Judge pointed to specific facts alleged within the Complaint, and conceded to by Plaintiff, which tended to show that most of the alleged conduct giving rise to the Complaint occurred in Arkansas. (10/4/13 Order, 9).

relative ease of access to proof, and the availability of witnesses. (10/4/13 Order, 10–11). In addition, Plaintiff's choice of forum was entitled to less weight than in an ordinary case for this reason. (10/4/13 Order, 9). The Magistrate Judge was careful to address the Plaintiff's choice of the North Carolina forum and the different facts that influenced the weight the Court ultimately attributed to Plaintiff 3A's choice. (10/4/13 Order, 8–9). Furthermore, while the Magistrate Judge recognized that the alleged injury to Plaintiff was allegedly sustained in North Carolina, it was noted that the alleged injury was "based on events occurring in Arkansas . . . ." (10/4/13 Order, 12).

In conclusion, there is no apparent clear error. Likewise, the Court is not persuaded that the Magistrate Judge's analysis is contrary to law.[4] The October 2013 Order granting Defendants' Motion to Transfer Venue to the Western District of Arkansas is affirmed and Plaintiff's Objections are overruled.

Signed: April 15, 2014

Richard L. Voorhees
United States District Judge

---

[4] Plaintiff asserts that the Magistrate Judge's concluding statement that "the motion presents a relatively close question" demonstrates that the Magistrate's analysis is contrary to law since Defendants bear a "heavy burden."